# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| United States of America, | Case No. 2:22-cr-00214-JAD-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Justin Edward Brown, | |
| Defendant. | |

## PROCEDURAL AND FACTUAL BACKGROUND

On June 14, 2022, the Clark County Fire Department responded to a report of an individual passed out behind the wheel of a running car. Firefighters roused the driver, assisted him in exiting the car and identified him as the defendant, Justin Edward Brown, a convicted felon. Upon returning to the car a firefighter observed in plain sight a personally manufactured pistol on the driver's side floorboard of the car. As Brown awoke, he became nervous, telling the firefighters he could not be there when law enforcement arrived. Brown then drove away leaving the pistol with firefighters.

Brown is now charged in a two count Indictment with Possession of a Firearm by a Prohibited Person in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Possession of Ammunition by a Prohibited Person in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). Brown moves for a bill of particulars as to Count One, arguing that it fails to state the interstate nexus for the weapon charged in that count. (ECF No. 25). The Government opposed the motion. (ECF No. 30). Brown replied. (ECF No. 36).

Brown also moves to dismiss the indictment against him, arguing that the statute under which he is charged—the statute prohibiting convicted felons from possessing firearms and

ammunition—is unconstitutional.[1] (ECF No. 26). The Government opposed the motion. (ECF No. 31). Brown replied. (ECF No. 37).[2] Brown also filed two supplements to his reply. (ECF Nos. 38, 39).

Because the Court finds that Count One does not sufficiently place Brown on notice of the Government's theory to prepare for trial, the Court recommends granting the motion for bill of particulars. Because the Court finds that the Supreme Court's decision in *Bruen* did not render 18 U.S.C. §§ 922(g)(1) unconstitutional, it recommends denying his motion to dismiss.

## LEGAL STANDARDS AND ANALYSIS

### I.    The Court recommends granting Brown's motion for a bill of particulars.

Brown argues that while the Indictment alleges that the privately manufactured pistol affected interstate commerce, it does not allege *how* the privately manufactured pistol affected interstate commerce. He argues that the jurisdictional element may not reach a privately manufactured gun, depending on how it was shipped and where it was manufactured. Without further information regarding the Government's theory on how the privately manufactured pistol affected interstate commerce, Brown argues he cannot mount a defense to the charge, prepare for trial, or protect against double jeopardy in future proceedings.

The Government responds that Brown does not demonstrate that Count One fails to allege facts from which the elements of the offense could be found and that he is essentially asking the Court to compel the United States to disclose its trial strategies and walk him through its case-in-chief. The Government outlines the elements of the charge and explains how the indictment places Brown on notice of the charge yet fails to specifically outline how the privately manufactured pistol affected interstate commerce.

---

[1] The Court notes that Brown mentions the constitutionality of 18 U.S.C. § 924(a)(2) only once in the motion to dismiss. (ECF No. 26 at 1). But Brown offers no argument contending this statute is unconstitutional. Further, Brown does not mention § 924(a)(2) at all in his reply. (ECF No. 37).

[2] The Court finds these matters properly resolved without an evidentiary hearing and no party requested an evidentiary hearing.

1    Brown replies that simply reciting the elements of the offense does not satisfy Brown's

2    Sixth Amendment notice rights.  Brown points out that the lower receiver of the firearm is

3    manufactured by a company located in Nevada and that there is no evidence that Brown

4    transported the weapon in interstate commerce.  Brown concludes that the Ninth Circuit has

5    emphasized that the interstate nexus component of the statute under which Brown is charged is

6    essential to its constitutionality, and failing to provide notice of any evidence of the interstate

7    nexus in the indictment requires a bill of particulars.

8    Rule 7(f) of the Federal Rules of Criminal Procedure states:

9    The court may direct the government to file a bill of particulars.  The
     defendant may move for a bill of particulars before or within 14 days
10   after arraignment or at a later time if the court permits.  The
     government may amend a bill of particulars subject to such
11   conditions as justice requires.

12   "The bill of particulars has three functions: '[1] to inform the defendant of the nature of

13   the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or

14   minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or

15   conviction in bar of another prosecution for the same offense when the indictment is itself too

16   vague, and indefinite for such purposes.'"  *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.

17   1980) *cert. denied* 444 U.S. 979 (1979) (quotation omitted); *see also United States v. Ayers*, 924

18   F.2d 1468, 1483 (9th Cir. 1991) (identifying the threefold purpose of a bill of particulars).  A bill

19   of particulars is "intended to supplement the indictment by providing more detail of the facts

20   upon which the charges are based."  *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir.

21   1981). "A defendant seeking particularization 'has the burden of showing by brief, affidavit, or

22   otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities

23   for meaningful defense preparation." *United States v. Jones*, 2:12-cr-00400-APG-GWF, 2013

24   WL 5954489, at *4 (D. Nev. Nov. 6, 2013) (*citing United States v. Perry*, No. 12-10293-DJC,

25   2013 WL 3158078 (D. Mass. June 19, 2013)).

26   Given the unique circumstances of this case the Court finds that Brown has met the

27   burden that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for

28   meaningful defense preparation.  The weapon in question is a privately manufactured pistol, a

large component of which was manufactured in Nevada.  It was found in a car in Nevada, and there are absolutely no allegations or facts which would place Brown on notice as to the interstate nexus for the weapon.  The Court cannot surmise what the interstate nexus is without more information, and the Indictment does not clarify this issue given that it simply states that it affected interstate commerce or was shipped or transported from one state to another.  Brown should not have to surmise what the interstate nexus is, and failing to outline what that nexus is leads to prejudicial surprise and deprives Brown of an opportunity to present a meaningful defense.

To the extent Brown seeks pretrial disclosure of the precise evidence the Government intends to introduce at trial, the Court acknowledges that "[a] defendant is not entitled to know all the [e]vidence the government intends to produce, but only the [t]heory of the government's case." *Giese*, 597 F.2d at 1181 (quotation omitted).  The Court also acknowledges that ultimately, a bill of particulars is not intended to be used for discovery purposes.  *United States v. Chan*, No. 1:07-cr-00239-LHO, 2008 WL 5233585, at *1 (E.D. Cal. Dec. 12, 2008) (*citing United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006)).  However, based on the record, the Court concludes that a bill of particulars as to the interstate nexus is necessary to allow Brown to adequately prepare his case or to avoid prejudicial surprise and therefore recommends that his motion for a bill of particulars be granted.

## II.    The Court does not find that 18 U.S.C. § 922(g)(1) is unconstitutional post-*Bruen* and recommends denying Brown's motion to dismiss.

Brown, a convicted felon, brings an as-applied challenge to Section 922(g)(1),[3] contending that his disarmament is inconsistent with the Nation's historical tradition of firearm

---

[3] Brown does not specify whether he is bringing an as-applied challenge or a facial challenge to Section 922(g)(1).  However, because his argument centers on his statement that he is part of "the people" entitled to own firearms and attendant ammunition under the Second Amendment— rather than arguing that the statute is unconstitutional in all of its applications—the Court concludes that he is bringing an as-applied challenge.  *See JP Morgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F.Supp.3d 1141, 1157 (D. Nev. 2016) (citing and quoting *Hoye v. City of Oakland*, 653 835, 857 (9th Cir. 2011) for the explanation that "[u]nlike an as-applied

1  regulations and is therefore unconstitutional under the Supreme Court's recent decision in *New*

2  *York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).  (ECF No. 39).  He argues

3  that *Bruen* abrogated *United States v. Chovan*, 735 F.3d 1127 (9th Cir. 2013) and *United States v.*

4  *Vongxay*, 594 F.3d 1111 (9th Cir. 2010) and the Court should therefore apply *Bruen's* test and not

5  any pre-*Bruen* Ninth Circuit test when assessing his motion.  The Government responds that

6  *Bruen* did not effectively overrule *Heller v. District of Columbia*, 554 U.S. 570 (2008) and

7  *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010), which upheld the prohibition on

8  possession of firearms by felons because the cases are clearly irreconcilable and that restricting

9  the Second Amendment rights to law abiding citizens is well-rooted in the Nation's history of

10  firearm regulation.  (ECF No. 42).  The issue before this Court is whether *Bruen*, in stating a new

11  test for assessing constitutionality under the Second Amendment, repudiated *Heller*, *McDonald*,

12  and other Ninth Circuit precedent regarding the constitutionality of Section 922(g)(1).

13        This Court finds that it can apply pre-*Bruen* precedent regarding the constitutionality of

14  Section 922(g)(1) without running afoul of *Bruen*.  In *Bruen*, the majority stated that its holding is

15  "in keeping with *Heller*."  *Bruen*, 142 S. Ct. at 2126.  Likewise, Justice Alito, writing in

16  concurrence, noted that *Bruen* "decides nothing about who may lawfully possess a firearm," and

17  disturbed nothing from *Heller* "about restrictions that may be imposed on the possession or

18  carrying of guns."  *Id.* at 2157 (Alito, J., concurring).  Justice Kavanaugh, writing in a

19  concurrence joined by Chief Justice Roberts, reiterated that "the Second Amendment allows a

20  'variety' of gun regulations," including "presumptively lawful regulatory measures" such as

21  "prohibitions on the possession of firearms by felons."  *Id.* at 2162 (Kavanaugh, J., concurring).

22  Justice Breyer, writing in dissent, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of

23  laws prohibiting possession of firearms by felons.  *Id.* at 2189 (Breyer, J. dissenting).  Even

24  before *Bruen*, the Ninth Circuit examined the historical tradition of gun regulation to conclude

25  that Section 922(g)(1) is consistent with the Second Amendment.  *See Vongxay*, 594 F.3d at

26

27  ─────────────────

28  challenge, which attacks the application of a statute to a specific set of facts, 'a facial challenge is
a challenge to an entire legislative enactment or provision.'").

1116–18.  This Court finds that *Bruen* is not clearly irreconcilable with the reasoning in *Heller* or *Vongxay*.  Accordingly, these cases are not overruled by *Bruen*, and this Court is bound by that precedent.

Further, since *Bruen*, numerous courts in the Ninth Circuit and across the country have rejected challenges by criminal defendants to the constitutionality of Section 922(g)(1).  Indeed, at least nineteen Ninth Circuit district-court decisions have considered and rejected post-*Bruen* challenges to the constitutionality of Section 922(g)(1).[4]  In keeping with these decisions, this Court now finds that the prohibition on the possession of firearms by felons found in Section 922(g)(1) does not violate the Second Amendment.

### A.    Brown's supplements do not persuade the Court.

In supplements to his reply in support of his motion to dismiss, Brown argues that the Ninth Circuit's recent application of the *Bruen* analysis to Hawaii's ban on butterfly knives in *Teter v. Lopez*, No. 20-15948, 2023 WL 5008203 (9th Cir. Aug. 7, 2023) necessarily abrogates *Vongxay*.  Brown also informs the Court that the United States District Court for the Middle

---

[4] *See Walker v. Bonta*, No. 20-cv-00031-DMS-AGS, 2023 WL 2815356 (S.D. Cal. Apr. 6, 2023); *United States v. Guthery*, No. 2:22-cr-00173-KJM, 2023 WL 2696824 (E.D. Cal. Mar. 29, 2023); *United States v. Kilgore*, No. 1:21-cr-00277-JLT-SJO, 2023 WL 2505012 (E.D. Cal. Mar. 14, 2023); *United States v. Davis*, No. 1:21-cr-00206-ADA-BAM-1, 2023 WL 2505039 (E.D. Cal. Mar. 14, 2023); *United States v. Barber*, No. 3:22-cr-00065-SLG-MMS, 2023 WL 2140526 (D. Alaska Feb. 21, 2023); *United States v. Jackson*, No. cr-22-01969-RUC-JGZ-JR, 2023 WL 1965424 (D. Ariz. Feb. 13, 2023); *United States v. Moore*, No. 3:20-cr-00474-IM-1, 2023 WL 154588 (D. Or. Jan. 11, 2023); *United States v. Wondra*, No. 1:22-cr-00099-BLW, 2022 WL 17975985 (D. Idaho Dec. 27, 2022); *United States v. Serrano*, No. 21-cr-1590-JLS, 2023 WL 2297447 (S.D. Cal. Jan. 17, 2023); *United States v. Jackson*, No. cr-22-1969-TUC-JGZ-JR, 2022 WL 18956628 (D. Ariz. Dec. 9, 2022), *report and recommendation adopted*, 2023 WL 1965424 (D. Ariz. Feb. 13, 2023); *United States v. Carleson*, No. 3:22-cr-00032-SLG, 2022 WL 17490753 (D. Alaska Oct. 28, 2022); *Walker v. United States*, No. 20-cv-31-DMS-AGS, 2022 WL 16541183 (S.D. Cal. Oct. 28, 2022); *United States v. Ridgeway*, 22-cr-175-CAB, 2022 WL 10198823 (S.D. Cal. Oct. 17, 2022); *United States v. Delpriore*, 3:18-cr-00136-SLG, 2022 WL 17490771 (D. Alaska Oct. 4, 2022); *United States v. Siddoway*, No. 1:21-cr-00205-BLW, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Perez*, No. 3:21-cr-508-CAB-1, 2022 WL 17484969 (S.D. Cal. Sept. 26, 2022); *United States v. Hill*, No. 21-cr-107-WQH, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States. v. Nevens*, No. cr-19-774-DMG, 2022 WL 17492196 (C.D. Cal. Aug. 15, 2022); *United States v. Ramos*, No. 2:21-cr-00395-RGK-1, 2022 WL 17491967 (C.D. Cal. Aug. 5, 2022).

1   District of Pennsylvania sustained an as-applied Second Amendment challenge to Section

2   922(g)(1) in *United States v. Quajles*, __ F. Supp. 3d. __, 2023 WL 5401733 (M.D. Penn. Aug.

3   22, 2023).  However, neither supplement persuades the Court that it should find Section 922(g)(1)

4   unconstitutional as applied to Brown.

5          In his first supplement, Brown explains that the Government's argument that *Vongxay* is

6   still good law is based on its assertion that *Bruen* "only reinforced" the Supreme Court's prior

7   two landmark gun-rights cases on which *Vongxay* relied:  *District of Colombia v. Heller*, 554 U.S.

8   570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010).  But, Brown argues, the

9   Ninth Circuit in *Teter v. Lopez*, "recognized that *Bruen* rejected the *Heller/McDonald*

10  approach…[and thus] [t]he application of *Bruen* in *Teter* necessarily abrogates *Vongxay*…"

11  (ECF No. 38 at 2).  The Court disagrees.  The Ninth Circuit in *Teter* cited both *Heller* and

12  *McDonald* for their holdings, but noted that *Bruen* abrogated the *analysis* both decisions

13  employed.  And in deciding *Teter*, the Ninth Circuit did not mention *Vongxay* at all.  What is

14  more, the Ninth Circuit explicitly declined to address the question of whether criminals are

15  included among "the people" referenced in the Second Amendment's text.  *Teter*, 2023 WL

16  5008203 at *9 n.9.  Because "it is not enough for there to be some tension between the

17  intervening higher authority and prior circuit precedent, or for the intervening higher authority to

18  cast doubt on the prior circuit precedent," contrary to Brown's argument, *Teter* does not establish

19  that *Heller*, *McDonald*, or *Bruen* are clearly irreconcilable with *Vongxay*.  *Close v. Sotheby's,*

20  *Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (internal citation and quotations omitted).  Brown's

21  second supplement is also unpersuasive here.  Not only is *United States v. Quajles* not binding on

22  this Court, but it is also at odds with *Vongxay* and the numerous cases in the Ninth Circuit that

23  have declined to find Section 922(g)(1) unconstitutional post-*Bruen.*

24         Because the Court finds that *Vongxay* remains binding precedent which this Court cannot

25  set aside, it declines to engage in the historical analysis test articulated in *Bruen*.  But even if it

26  did, the Court would still recommend denying Brown's motion.  The Court would refer to the

27  same history, caselaw, and scholarly analyses that other courts have considered before it, which

28

analyses review and accept many of the same sources offered by the Government in its brief.[5]

*See Medina v. Whitaker*, 913 F.3d 152 (D.C. Cir. 2019); *see United States v. Villalobos*, No. 3:19-cr-00040-DCN, 2023 WL 3044770, at *11 (D. Idaho Apr. 21, 2023); *see United States v. Ramos*, No. 2:21-cr-00395-RGK-1, 2022 WL 17491967 (C.D. Cal. Aug. 5, 2022); *See United States v. Gamble*, No. 2:22-cr-00267-JAD-EJY, 2023 WL 4849071 (D. Nev. July 17, 2023). The Court thus recommends that the motion to dismiss be denied.

## CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Brown's motion for bill of particulars (ECF No. 25) be GRANTED. IT IS FURTHER RECOMMENDED that Brown's motion to dismiss (ECF No. 26) be DENIED.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

---

[5] These include the *Address and Reasons of Dissent in the Minority of the Convention of the State of Pennsylvania to Their Constituents*; *United States v. Carpio-Leon*, 701 F.3d 974, 979 (4th Cir. 2012); Glenn Harlan Reynolds, *A Critical Guide to the Second Amendment*, 62 TENN. L. REV. 461, 480 (1995); *United States v. Skoien*, 614 F.3d 638, 640 (9th Cir. 2010); Thomas M. Cooley, *A Treatise on the Constitutional Limitations Which Rest Upon the Legislative Power of the States of the American Union*, 29 (1st ed. 1868); *United States v. Bena*, 664 F.3d 1180, 1183-84 (8th Cir. 2011) (quoting Don B. Kates, Jr., *The Second Amendment: A Dialogue, Law & Contemp. Probs.*, Winter 1986 at 146 (1986)); *United States v. Rene*, 583 F.3d 8, 15-16 (1st Cir. 2009) (citing Saul Cornell, *'Don't Know Much About History:' The Current Crisis in Second Amendment Scholarship*, 29 N. KY. L. REV. 657, 679 (2002)); 2 Bernard Schwartz, *The Bill of Rights: A Documentary History*, 662, 665 (1971); *Richardson v. Ramirez*, 418 U.S. 24, 56 (1974); *Spencer v. Kemna*, 523 U.S. 1, 8-9 (1998); 28 U.S.C. § 1865(b)(5).

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 29, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE